**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JANETT CARTER                                                                            PLAINTIFF

V.                                                   CIVIL ACTION NO. 3:05-CV-190 HTW-JCS

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES AND DARREN
VANDEVENDEUR, HUMAN RESOURCE
DIRECTOR                                                        DEFENDANTS

**ORDER OF DISMISSAL**

Before the court is the motion of the defendants the Mississippi Department of Human Services (hereinafter "MDHS") and Darren Vandevendeur, the Director of MDHS, under Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure to dismiss for failure to state a claim upon which relief can be granted. The defendants submit that they are entitled to dismissal because the plaintiff is unable to obtain any relief against the defendants, even if all well-pleaded factual allegations in the plaintiff's complaint are assumed to be true. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

**THE COMPLAINT**

The plaintiff's *pro se* complaint purportedly is filed under Title VII of the Civil

---

[1] Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted, ... "

Rights Act of 1964.[2]  This court's jurisdiction over a Title VII action is predicated upon Title 28 U.S.C. § 1331.[3]  Plaintiff has met all of the conditions precedent to the filing of a Title VII action set forth at Title 42 U.S.C. § 2000e-5(e)[4] and Title 42 U.S.C. §2000e-5 (f)(1).[5]

Janett Carter alleges defendants violated Title VII of the Civil Rights Act by terminating her employment with MDHS.  According to the Carter, her termination came about after it was discovered she had received overpayment of food stamp

---

[2]Title VII provides that "[i]t shall be an unlawful employment practice for an employer-(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  Title 42 U.S.C. § 2000e-2(a)(1)

[3]Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[4]Title 42 U.S.C. §2000e-5(e) provides that, "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency."

[5]Title 42 U.S.C. § 2000e-5(f)(1) provides in pertinent part that, "... if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved ... ."

benefits in 2003. After this discovery, plaintiff entered into an agreement to deduct any overpayment from her payroll check and future benefits. Carter believes being fired for this infraction violated her two-year employment contract with MDHS and constituted "an abnormal termination practice."

## THE DEFENDANTS' MOTION TO DISMISS

The defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the plaintiff's complaint in its entirety. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). First, say defendants, the Eleventh Amendment[6] to the Constitution of the United States erects a jurisdictional bar against individuals bringing suit against a state in federal court when the state has not waived its sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 677-678, 94 S.Ct. 1347, 1362-63 (1974), citing *Ford Motor Company v. Department of the Treasury*, 323 U.S. 459, 466-67, 65 S.Ct. 347, 351 (1945). The defendants submit that the State of Mississippi has not waived its sovereign immunity with respect to claims under Title VII. Consequently, say defendants, the MDHS and Darren Vandevendeur, in his official capacity as the Human Resource Director for the Mississippi Department of

---

[6]The Eleventh Amendment to the Constitution of the United States provides that, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." This Amendment bars suits against a state government by a citizen of another state or citizens of a foreign country in federal court, and, although its specific wording does not bar a suit against the state by its own citizens, the United States Supreme Court, "[h]as consistently held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651 (1974); and *Hans v. Louisiana*, 134 U.S. 1 (1890).

Human Services, are "arms of the State" of Mississippi and are not subject to liability for the claims contained in the plaintiff's complaint.

Next, add defendants, the plaintiff's complaint states no viable claim under Title VII whatsoever. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## **ELEVENTH AMENDMENT IMMUNITY**

Various Mississippi governmental entities which have been found to be "arms of the state" and immune under the Eleventh Amendment from liability in federal court include the Mississippi Board of Nursing, *O'Neal v. Miss. Board of Nursing*, 113 F.3d 62 (5th Cir. 1997); the Mississippi Department of Transportation, *Cooley v. Miss. Department of Transportation*, 96 F.Supp.2d 565 (S.D. Miss. 2000); the Mississippi Department of Wildlife, Fisheries, and Parks, *Kinnison v. Miss. Department of Wildlife, Fisheries, and Parks*, 990 F.Supp. 481 (S.D. Miss. 1998); the Mississippi Highway Patrol, *King v. Miss. Highway Patrol*, 827 F.Supp. 402 (S.D. Miss. 1993); the Mississippi Department of Mental Health, *Scanlon v. Department of Mental Health*, 828 F.Supp. 421 (S.D. Miss. 1993); and the Mississippi Department of Public Welfare, *Chrissy F. v. Miss. Department of Public Welfare,* 780 F.Supp. 1104 (S.D. Miss. 1991). The MDHS is an arm of the State of Mississippi, having been established by the Mississippi Legislature at Mississippi Code Annotated § 43-1-2 et seq.,[7] 1972, as amended.

---

[7]Mississippi Code Annotated § 43-1-2 provides in pertinent part that, (1) There is created the Mississippi Department of Human Services, whose offices shall be located in Jackson, Mississippi, and which shall be under the policy direction of the Governor. (2) The chief administrative officer of the department shall be the Executive Director of Human

The defendants submit that a lawsuit is barred if "[t]he state is the real party in interest," citing *Edelman v. Jordan*, 415 U.S. at 663; *see also Delahoussaye v. New Iberia*, 937 F. 2d 144, 146 (5th Cir. 1991).  Consequently, argue the defendants, a plaintiff cannot sue the State of Mississippi, or the MDHS, unless the State of Mississippi has waived its sovereign immunity.  Furthermore, say defendants, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself," citing *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

The United States Court of Appeals for the Fifth Circuit shapes the contours of Eleventh Amendment immunity to comport with the common-sense notion that a plaintiff cannot avoid the sovereign immunity bar by suing a state agency or an arm of the State, rather than the State itself.  *Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir. 1997), *cert. denied*, 522 U.S. 1078, 118 S.Ct. 858, 139 L.Ed.2d 757 (1998).

This court agrees with the defendants' argument that MDHS enjoys Eleventh Amendment immunity.  A lawsuit such as the instant case brought by a private party seeking to impose liability such as monetary damages for mental anguish, back pay, and other damages which must be paid from public funds of the state treasury is the very type lawsuit barred by the Eleventh Amendment.  *See Earles v. State Bd. of*

---

Services. The Governor shall appoint the Executive Director of Human Services with the advice and consent of the Senate, and he shall serve at the will and pleasure of the Governor, and until his successor is appointed and qualified.

*Certified Pub. Accountants of Louisiana*, 139 F.3d 1033, 1036 (5th Cir. 1998). This immunity covers state agencies and entities such as MDHS that properly may be characterized as arms of the state. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (Eleventh Amendment immunity extends not only to the states themselves, but also to state agencies and departments); and *Porche v. St. Tammany Parish Sheriff's Office*, 67 F.Supp.2d 631, 632 (E.D. La. 1999) (arms of the state).

Furthermore, this court agrees that the defendant Darren Vandevendeur, in his official capacity as Director of MDHS, is not subject to liability for the claims raised in the plaintiff's complaint. Relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant. This is true if, as in the instant case, the relief is expressly denominated as damages. *Papasan v. Allain*, 478 U.S. 265, 277-78, 106 S.Ct. 2932, 2940, 92 L.Ed.2d 209 (1986); *see also Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945) (also true if the relief is tantamount to an award of damages for a past violation of federal law by a state official); *Edelman v. Jordan*, 415 U.S. at 664-668. In the instant case, Carter prays for monetary damages from alleged past violations of federal law, which are barred by the Eleventh Amendment. "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh

6

Amendment.  *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985). No present or continuing violation is asserted by the plaintiff in her complaint. Therefore, in light of the foregoing, this court finds that the plaintiff's lawsuit is barred by the doctrine of sovereign immunity and must be dismissed.

### THE TITLE VII CLAIM IS NOT PROPERLY ASSERTED

Title VII permits employees to sue their employers for discriminatory employment actions.  *Oden v. Oktibbeha County*, 246 F.3d 458, 465 (5th Cir.), *cert. denied*, 534 U.S. 948, 122 S.Ct. 341, 151 L.Ed.2d 258 (2001).  Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. Title 42 U.S.C. § 2000e-2(a)(1);  *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 92-93, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).  "The purposes of Title VII are to achieve equality of employment opportunity and to make persons whole for injuries suffered on account of unlawful employment discrimination."  *Floca v. Homcare Health Services, Inc.*, 845 F.2d 108, 111 (5th Cir. 1988), citing *Albemarle Paper Company v. Moody*, 422 U.S. 405, 417, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

To establish discriminatory discharge under Title VII, a plaintiff must first establish a prima facie case of discrimination by demonstrating that she: (1) is a member of a protected class; (2) was discharged; (3) was qualified for the position

from which she was discharged; and (4) was replaced by a member of an unprotected class. *Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 318 (5th Cir. 1997).

"Title VII discrimination can be established through either direct or circumstantial evidence." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citing *Wallace v. Methodist Hosp. System*, 271 F.3d 212, 219 (5th Cir. 2001), *cert. denied*, 535 U.S. 1078, 122 S.Ct. 1961, 152 L.Ed.2d 1022 (2002). "Absent direct evidence of discriminatory intent, as is typically the case, proof via circumstantial evidence is assembled using the framework set forth in the seminal case of *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *see also Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Laxton*, 333 F.3d at 578. "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 384 n. 3 (5th Cir.2003); *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir.), *cert. denied*, 539 U.S. 926, 123 S.Ct. 2572, 156 L.Ed.2d 602 (2003). A plaintiff must initially establish a prima facie case by satisfying a multi-factor test from which a discriminatory motive may be inferred, thus creating a rebuttable presumption of intentional discrimination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *Laxton*, 333 F.3d at 578. "To establish a prima facie case, a plaintiff need only make a very minimal showing."

*Nichols v. Loral Vought System Corporation*, 81 F.3d 38, 41 (5th Cir. 1996) (quoting *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 639 (5th Cir. 1985).

Once the plaintiff establishes a prima facie case, the burden then shifts to the defendant to articulate – but not prove – a legitimate, nondiscriminatory reason for its employment decision. *Reeves*, 530 U.S. at 142; *McDonnell Douglas Corporation*, 411 U.S. at 802; *Laxton*, 333 F.3d at 578. "This burden is one of production, not persuasion; it can involve no credibility assessment." *Reeves*, 530 U.S. at 142, quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). "The [employer] must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, 'if believed by the trier of fact,' would support a finding that unlawful discrimination was not the cause of the employment action*." Bauer v. Albemarle Corporation*, 169 F.3d 962, 966 (5th Cir. 1999), quoting *Hicks*, 509 U.S. at 507. If the employer meets its burden, "the *McDonnell Douglas* framework – with its presumptions and burdens' – disappear[s], ... and the sole remaining issue [is] 'discrimination vel non.'" *Reeves*, 530 U.S. at 142-43, quoting *Hicks*, 509 U.S. at 510. "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.' " *Reeves*, 530 U.S. at 143, quoting *Burdine*, 450 U.S. at 253, 101 S.Ct. 1089); accord Hicks, 509 U.S. at 507-08, 113 S.Ct. 2742; Laxton, 333 F.3d at 578; *Vadie v. Mississippi State University*, 218 F.3d 365, 372 (5th Cir. 2000), *cert. denied*, 531 U.S. 1113, 121 S.Ct. 859, 148 L.Ed.2d 772 (2001).

9

In the instant case, the plaintiff's complaint fails to establish a rebuttable presumption of intentional discrimination. Instead, the plaintiff's complaint simply asserts that, "[t]ermination of employment is a violation of my civil rights under Title VII of the Civil Rights Act of 1964." She does not state whether she was a member of a protected class, or that she was replaced by a person of an unprotected class. Therefore, even if the doctrine of sovereign immunity did not apply in this case, the plaintiff's complaint would suffer grave inadequacy regarding her attempt to state a claim under Title VII.

## **CONCLUSION**

Therefore, finding that the State of Mississippi has not waived its sovereign immunity under the Eleventh Amendment to the Constitution of the United States, this court concludes that the plaintiff's lawsuit must be fully and finally dismissed.

**SO ORDERED** this the 29th day of September, 2006.

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-cv-190 HTW-JCS
Order Granting Dismissal